**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SABRINA CRAWFORD,**

**Plaintiff,**

**v.** **Case No. 8:25-cv-02354-SDM-AAS**

**FRANK BISIGNANO,**
**Commissioner of**
**Social Security Administration,**

**Defendant.**
______________________________________/

**REPORT AND RECOMMENDATION**

Plaintiff Sabrina Crawford requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. § 405(g). After reviewing the record, including the transcript of the hearing before the Administrative Law Judge (ALJ), the administrative record, and the parties' papers, the undersigned **RECOMMENDS** the Commissioner's decision be **AFFIRMED.**

## I. PROCEDURAL HISTORY

Ms. Crawford applied for DIB and SSI on November 21, 2021, alleging a disability onset of November 20, 2020. (Tr. 6, 229). Disability examiners denied Ms. Crawford's applications initially and on reconsideration. (Tr. 95–105, 110–

24). Ms. Crawford then completed a request for a hearing on April 9, 2024 (Tr. 125–26).

Following a telephone hearing on January 23, 2025, the Administrative Law Judge (ALJ) issued an unfavorable decision to Ms. Crawford on January 31, 2025. (Tr. 17–48). The Appeals Council denied Ms. Crawford's request for review, which made the ALJ's decision final. (Tr. 1–3). Ms. Crawford requests judicial review of the ALJ's January 31, 2025, decision. (Doc. 14).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Ms. Crawford was 61 years old on the date of the ALJ's decision. She was 56 years old on the alleged onset date. Ms. Crawford has a GED and past relevant work experience as a cook, fast food worker, cleaner, and deli worker at Winn Dixie. (Tr. 38, 292). Ms. Crawford alleged disability due to multiple impairments, including headaches, arthritis, hypertension, and fibromyalgia. (Tr. 58, 279).

### B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)

substantial gainful activity,[2] she is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ determined Ms. Crawford met the insured status requirements of the Social Security Act through December 31, 2025. (Tr. 19). Ms. Crawford

---

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.972.

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a).

had not engaged in substantial gainful activity since November 20, 2020, the alleged onset date. (*Id.*). The ALJ found Ms. Crawford had the following severe impairments: degenerative disc disease of the cervical and lumbar spine; fibromyalgia; and obesity. (*Id.*). However, the ALJ found Ms. Crawford's impairments or combination of impairments failed to meet or medically equal the severity of an impairment in the Listings. (Tr. 20).

The ALJ found Ms. Crawford had an RFC to perform the full range of medium work.[4] (*Id.*). The ALJ concluded that Ms. Crawford could perform her past relevant work as a deli worker as actually and generally performed. (Tr. 25). The ALJ made alternative findings for step five of the evaluation process and determined Ms. Crawford could perform other jobs existing in significant number in the national economy. (*Id.*). Therefore, the ALJ found Ms. Crawford was not disabled from November 20, 2020, through the date of his decision. (*Id.*).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issue on Appeal

Ms. Crawford argues that the RFC determination was not supported by substantial evidence because "the ALJ failed to properly consider Plaintiff's subjective complaints of physical impairments [and] supporting opinion evidence." (Doc. 14, p. 6). The Commissioner responds the ALJ properly evaluated Ms. Crawford's subjective complaints of pain and the medical evidence in the record. (Doc. 17, p. 6).

### C. Applicable Law

A claimant's RFC is the most she can still do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). "To determine a claimant's RFC, an ALJ must 'consider the limiting effects of [all claimant's] impairment(s), even those that are not severe[.]'" *Chestang v. Comm'r of Soc. Sec.*, No. 8:23-CV-2196-CEH-PDB, 2024 WL 3835648 at *8 (M.D. Fla. July 31, 2024), *report and recommendation adopted*, No. 8:23-CV-2196-CEH-PDB, 2024 WL 3826250 (M.D. Fla. Aug. 15, 2024) (quoting 20 C.F.R. § 404.1545(e)).

"[A] claimant may establish that [she] has a disability through [her] 'own testimony of pain or other subjective symptoms.'" *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). To establish disability through subjective symptoms the claimant must show:

> (1) evidence of an underlying medical condition and either (2)

> objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id.*

When evaluating a claimant's subjective complaints, the ALJ is required to consider the record as a whole. *See Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1279 (11th Cir. 2024), *cert. denied sub nom. Raper v. O'Malley*, 145 S. Ct. 984 (2024) (affirming the ALJ's decision when "the ALJ considered [the claimant's] subjective complaints with the record as a whole and adequately explained his decision not to fully credit [the claimant's] alleged limitations . . . "). The ALJ is required to consider all available evidence from the claimant's medical sources, nonmedical sources, and factors relevant to the claimant's symptoms including, but not limited to, statements about the intensity, persistence, and limiting effects of the symptoms in relation to evidence in the record. *See* 20 C.F.R. §§ 404.1529, 416.929.

On appeal, "[t]he question is not . . . whether [the] ALJ could have reasonably credited [a claimant's pain] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011). The ALJ may reject the claimant's subjective complaints if the ALJ "explicitly and adequately" articulates reasons for discrediting the subjective complaints. *Carman v. Astrue*, 352 F. App'x 406,

408 (11th Cir. 2009). "The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable . . . this Court to conclude that the ALJ considered [the] medical condition as a whole." *Carman*, 352 F. App'x at 408 (citing *Dyer*, F.3d at 1210).

In addition, the most important factors to consider when evaluating different medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520(b)(2), (c), 416.920(b)(2), (c); *see Mendez-Arroyo v. Comm'r of Soc. Sec. Admin.*, No. 6:23-CV-245-RBD-MCR, 2024 WL 585754 at *3 (M.D. Fla. Jan. 29, 2024), *report and recommendation adopted sub nom. Mendez-Arroyo v. Comm'r of Soc. Sec.*, No. 6:23-CV-245-RBD-MCR, 2024 WL 579219 (M.D. Fla. Feb. 13, 2024). "[T]he ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record[.]" *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832 at *3 (M.D. Fla. Apr. 6, 2021) (emphasis in original) (report and recommendation adopted by 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021)).

**D. Analysis of Issue on Appeal**

Ms. Crawford argues the ALJ did not provide an explanation for rejecting her subjective complaints of pain and her complaints were consistent with the medical record. (Doc. 14, p. 9). Ms. Crawford contends, although the

ALJ summarized the evidence from the medical records, the ALJ relied on "generic language without providing case specific factors" and "the ALJ failed to explain why any of the evidence summarized contradicted [her] alleged limitations." (Doc. 14, p. 8). Specifically, Ms. Crawford alleges the ALJ erred when addressing "the evidence of record by summarizing Plaintiff's treatment for decreased vision, as well as neck, back, shoulder, and hip pain" by failing to explain why any of the evidence summarized contradicted Plaintiff's alleged limitations. (Doc. 14, p. 8).

The Commissioner argues the ALJ "properly considered [Ms. Crawford's] subjective statements about her symptoms" and determined those statements "were not entirely consistent with the medical evidence and other evidence in the record." (Doc. 17, p. 6).

Upon review, substantial evidence supports the ALJ's determination that Ms. Crawford's subjective complaints of pain were not entirely consistent with the record. The ALJ found Ms. Crawford "ha[d] the following severe impairments: degenerative disc disease of the cervical and lumbar spine, fibromyalgia, and obesity[.]" (Tr. 19). The ALJ acknowledged Ms. Crawford "testified that her degenerative disc disease causes constant pain in her mid to upper back that radiates down to her hips, and her fibromyalgia causes pain throughout her entire body and limits her ability to grasp or lift items." (Tr. 21). The ALJ determined Ms. Crawford's medically determinable impairments

"could reasonably be expected to cause the alleged symptoms," but that Ms. Crawford's reports of those symptoms were not entirely consistent with the medical evidence. (Tr. 21). The ALJ found "the medical evidence of record does not show the serious symptoms and dysfunction that would be expected were the claimant as limited as alleged." (*Id.*). In support of this finding, the ALJ then adequately explained his review of the record.

Specifically, when reviewing the record, the ALJ recognized Ms. Crawford's subjective complaints of pain in treatment records and corresponding generally normal physical clinical findings. (Tr. 22–24). For example, the ALJ explicitly recognized treatment records documenting Ms. Crawford's reports of: June 2021 "continued pain in her upper, mid, and low back, as well as pain in the bilateral shoulders and left knee" (Tr. 22, 701–02); August 2021 "lower back pain and bilateral knee pain" (Tr. 22, 603–04); October 2022 "increasing pain in the neck, shoulder, lower back, bilateral hips, and bilateral knees" (Tr. 22, 609); and February 2026 "continued pain in her neck, shoulder, lower back, bilateral hips, and bilateral knees, and left-sided numbness." (Tr. 22, 630).

After acknowledging Ms. Crawford's reports of subjective pain, the ALJ identified specific medical evidence from those same treatment records to determine "the medical evidence of record does not show the serious symptoms and dysfunction that would be expected were the claimant as limited as

alleged." (Tr. 21). For example, the ALJ notes Rekhaben Suthar, MD's recommendation to Ms. Crawford for conservative treatment, including physical therapy and low impact aerobic exercise (Tr. 22, 703), and physical findings including: normal spine curvature, normal straight leg tests, normal gait, normal manual dexterity, normal range of motion of the cervical and lumbar spine, normal range of motion of the shoulders, elbows, wrists, and hands, five out of five motion strength in all four extremities, and normal sensitivity to light touch and pin prick in both lower extremities. (*Id.*) (citing Tr. 604, 610, 630−31). Accordingly, the ALJ adequately addressed and discounted Ms. Crawford's subjective complaints. *See Norton v. Colvin*, No. 8:12-CV-2536-T-TBM, 2014 WL 11444077 at *3 (M.D. Fla. Mar. 27, 2014), *aff'd sub nom. Norton v. Comm'r of Soc. Sec.*, 607 F. App'x 913 (11th Cir. 2015) (finding the ALJ adequately addressed and discounted the subjective complaints where the ALJ relied in part "upon reports from treating or examining or treating doctors, who reported generally normal findings on physical examinations").

The ALJ also "specifically accounted for [Ms. Crawford's] subjective pain complaints as they relate to fibromyalgia in limiting her to medium work." (Tr. 23). The ALJ considered Ms. Crawford's reports of pain due to fibromyalgia when considering neurology progress notes from 2020. (Tr. 21, 410−11, 415, 417). The ALJ noted that while Ms. Crawford rated her pain as six out of ten,

her fibromyalgia was controlled with "continued improvement with a decrease in the claimant's subjective pain rating." (Tr. 21). Further, the ALJ considered Ms. Crawford's treatment records from June 21, 2021, in which she reported continued back, shoulder, and knee pain. (Tr. 22, 701–03). The ALJ noted although Ms. Crawford was "assessed with fibromyalgia affecting multiple sites, myofascial pain syndrome, headache, and obesity, she is only recommended for conservative treatment[.]" (Tr. 22). Last, the ALJ considered Ms. Crawford's February 26, 2024, consultative physical examination at which she "reported headaches over bilateral occipital region secondary to fibromyalgia." (Tr. 22–23, 630–32). The ALJ noted largely normal physical examination findings and a history of "mid, and lower back pain secondary to degenerative disc disease; morbid obesity; [and] history of bilateral hips and knee pain secondary probably to osteoarthritis . . .." (*Id.*). Accordingly, the ALJ's decision adequately accounts for Ms. Crawford's complaints of pain related to fibromyalgia and is supported by substantial evidence.

Ms. Crawford also challenges the ALJ's assessment of J. Lamour, MD's opinions. Ms. Crawford challenges the ALJ's determination that "Dr. Lamour's sedentary opinion was inconsistent with [Ms. Crawford's] alleged improved fibromyalgia symptoms and conservative treatment." (Doc. 14, p. 10). Ms. Crawford argues Dr. Lamour's opinions suggest Ms. Crawford's impairments worsened over time. (*Id.* at p. 11).

The Commissioner argues the ALJ's evaluation of Dr. Lamour's February 2024 opinion complies with the controlling regulatory requirements, considering both the supportability and consistency factors. (Doc. 17, p. 9).

After Dr. Lamour's first examination October 21, 2022, he opined Ms. Crawford had "no significant physical findings that can prevent her from doing regular work." (Tr. 611). After Dr. Lamour's second examination on February 26, 2024, Dr. Lamour opined Ms. Crawford "has no significant physical findings, mild to moderate medical conditions . . . that can prevent her from doing regular work but she should be able to do limited work in seated position." (Tr. 632).

Upon review, the ALJ properly considered the supportability and consistency of Dr. Lamour's opinions when determining the persuasiveness of the opinions and crafting Ms. Crawford's RFC. The ALJ considered the supportability of Dr. Lamour's opinion and found Dr. Lamour's suggestion of sedentary work inconsistent with his Dr. Lamour's own exam findings documenting largely normal physical abilities. (Tr. 24, 631–32). The ALJ considered the consistency of Dr. Lamour's suggestion of sedentary work and found it inconsistent "with the medical evidence of record as a whole, which documents improvement regarding the claimant's fibromyalgia impairment and only conservative treatment for the claimant's impairments in the form of physical therapy and low impact aerobic exercises." (Tr. 23) (citing Tr.

410−411, 415, 417, 701−702, 703). Therefore, the ALJ complied with the regulations and substantial evidence supports the ALJ's evaluation of Dr. Lamour's opinion.

Last, Ms. Crawford argues the ALJ failed to give proper consideration to Ms. Crawford's lack of insurance when accounting for her conservative treatment. (Doc. 14, p. 11). However, the ALJ explicitly considered Ms. Crawford's "lack of health, insurance which has limited her access to treatment." (Tr. 23). The ALJ did not reject medical evidence based on a lack of treatment. *See Kausch v. Comm'r of Soc. Sec. Admin.*, No. 3:19-CV-1026-J-MCR, 2020 WL 7041549 (M.D. Fla. Dec. 1, 2020) (remanding in part because the ALJ erred by failing to "consider Plaintiff's lack of medical insurance and funds in rejecting the opinion of Dr. Choisser"). Rather, the ALJ considered the type of recommended treatment, "conservative treatment," when assessing the medical evidence. *See Morales v. Comm'r of Soc. Sec.*, 799 F. App'x 672, 677 (11th Cir. 2020) ("[C]onservative treatment can support discrediting subjective symptoms even in cases where, like here, a claimant alleges pain from both fibromyalgia and other conditions.").

Overall, the ALJ addressed the medical evidence and Ms. Crawford's subjective complaints in the record and explained how he made the RFC determination. The ALJ considered Ms. Crawford's medical impairments, her lack of health insurance, and subjective complaints of pain in limiting her to a

range of medium work. (Tr. 23). *See Chestang*, 2024 WL 3835648 at *11, *report and recommendation adopted*, 2024 WL 3826250 ("Neither the regulations nor binding precedent use the term 'logical bridge.' Binding precedent requires an ALJ to 'state with at least some measure of clarity the grounds for [the] decision.'") (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)); *see also Dickmann v. Kijakazi*, No. 8:21-CV-2120-SPF, 2022 WL 4181370 at *4 (M.D. Fla. Sept. 13, 2022) ("The ALJ relied on boilerplate language in assessing Plaintiff's subjective pain complaints . . . [which] directly addresse[d] the Eleventh Circuit's pain standard and is not improper *if* supported by substantial evidence.")

The ALJ's determination is supported by substantial evidence. The ALJ considered Ms. Crawford's reports of pain and weighed them with the objective medical evidence. Although fibromyalgia symptoms may vary day to day, "[a] finding that a claimant suffers from fibromyalgia does not dictate that subjective complaints regarding the scope and existence of disabling pain must be excepted without further inquiry." *McGuire v. O'Malley*, No. 1:23CV106-AW-MAF, 2024 WL 4343606 at *26 (N.D. Fla. Aug. 12, 2024), *report and recommendation adopted*, No. 1:23-CV-106-AW-MAF, 2024 WL 4336553 (N.D. Fla. Sept. 27, 2024). The ALJ considered Ms. Crawford's reports of pain in the available medical examinations, her associated symptoms (such as her headaches), and the conclusions and recommended treatment plans of several

physicians. (Tr. 21–24); *see Bruce v. Comm'r of Soc. Sec.* No. 8:22-CV-2850-KKM-JSS, 2023 WL 9547874 at *5 (M.D. Fla. Dec. 29, 2023), *report and recommendation adopted sub nom. Bruce v. O'Malley*, No. 822CV02850KKMJSS, 2024 WL 340367 (M.D. Fla. Jan. 30, 2024) (rejecting the argument that the ALJ over-emphasized the objective medical evidence and using evidence of conservative treatment to discredit subjective complaints of pain.)

The ALJ also properly evaluated the medical opinions in the record based on the supportability and consistency factors. Although Dr. Lamour concluded Ms. Crawford should be limited to a range of sedentary work, the ALJ determined this was inconsistent with Dr. Lamour's own exam findings and the medical record as a whole. (Tr. 24).

Accordingly, the ALJ's decision is supported by substantial evidence. This court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. In reviewing disability cases, the question is whether the ALJ was clearly wrong to discredit the claimant's subjective complaints. *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011); *see also Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) ("If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it.") (quoting *Dyer*, 395 F.3d at 1210). The ALJ provided substantial

evidence for his determination that Ms. Crawford's subjective complaints of pain were not entirely consistent with the record. Substantial evidence supports the ALJ's decision.

## IV. CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that the Commissioner's decision be **AFFIRMED.**

**ENTERED** in Tampa, Florida on July 9, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.